UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA HARPER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, in his official capacity as Secretary of the United States Department of the Navy<br><br>　　　　　　　　　Defendant. | Case No.:  23CV1541 L (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DISMISSING ACTION** |

This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that this action be **DISMISSED**.

## FACTUAL BACKGROUND

The instant matter was initiated on August 21, 2023 when Plaintiff brought an action against Defendant for retaliation under the Family Medical Leave Act ("FMLA"), disability discrimination, and racial discrimination arising under her employment as a Special Agent for the Naval Criminal Investigative Service (NCIS). ECF No. 1. Plaintiff seeks injunctive relief compensatory and punitive damages, attorneys' fees and costs, statutory penalties, and other

1. relief as the Court may deem just and proper. Id.

2. On May 3, 2024, District Judge Lorenz granted Plaintiff's first counsel's, Zein E. Obagi, Jr., motion to withdraw as counsel of record for Plaintiff because her counsel had been suspended from the practice of law by the State Bar of California. ECF No. 17. However, Judge Lorenz denied Mr. Obagi's motion to withdraw his co-counsel, Hee J. Kim, as attorney of record for Plaintiff. Id. Specifically, Judge Lorenz found that Mr. Kim failed to make the showing necessary for withdrawal under California Rules of Professional Conduct. Id. Mr. Kim brought a separate motion to withdraw as Plaintiff's counsel on June 11, 2024 which was denied by District Judge Lorenz on July 24, 2024. ECF Nos. 18, 22.

On July 15, 2024, Defendant filed an Answer to Plaintiff's Complaint. ECF No. 20. The Court issued an order setting an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") for August 26, 2024. ECF No. 21. In this Order, the Court ordered the parties to meet and confer pursuant to FRCP 26(f) no later than August 5, 2024 and file a Joint Discovery Plan no later than August 16, 2024. Id. at 5-6. The parties were also ordered to exchange initial disclosures pursuant to FRCP 26(a)(1)(A-D) no later than August 19, 2024. Id. at 7.

The parties were also ordered to submit confidential briefs in advance of the ENE via email to Magistrate Judge Major's Chambers. ECF No. 21 at 5. On August 16, 2024, Magistrate Judge Major received Plaintiff's confidential brief that was submitted by Attorney C. Benjamin Graff who indicated in the brief that he had recently submitted a substitution of attorney to the District Court for approval on August 15, 2024. However, this substitution of the attorney was stricken by the District Court because it was lacking the client's signature. ECF No. 25.

On August 23, 2024, Magistrate Judge Major emailed the log in information to all parties and counsel of record for the videoconference ENE and CMC which included a courtesy copy to Mr. Graff even though he had not yet properly substituted in the case.

On August 26, 2024, the Court conducted the ENE and present during this conference, along with Defendant and their counsel, was Plaintiff, Mr. Kim and Mr. Graff. ECF No. 26. The case did not settle and the Court conducted the CMC as required by Southern District Local Rule

16.1(d). Id. During the CMC, the Court verbally informed the parties of the dates and deadlines that would be issued in this matter. The Court also learned that Plaintiff had not provided initial disclosures as required by the ENE/CMC order [ECF No. 21] and agreed to set a new deadline for their production.

The following day, on August 27, 2024, the Court issued a Scheduling Order Regarding Discovery and Other Pretrial Proceedings confirming the dates that were agreed upon during the CMC. ECF No. 27. The Court ordered the following based on an agreement reached by the parties during the CMC:

> Pursuant to the agreement of the parties, Plaintiff will produce a list of medical, psychological, and psychiatric providers for the last ten (10) years, along with signed medical releases to the Defendant on or before **September 9, 2024**. In addition, the parties agreed to file a joint motion for a protective order, which includes the terms of their agreement for handling confidential documents and information. Plaintiff must provide a draft motion for a protective order to the Defendant on or before **September 6, 2024**. The parties must then file their joint motion with the Court on or before **September 16, 2024**. Plaintiff must also provide their initial disclosures pursuant to Rule 26(a)(1)(A-D) to Defendant on or before **September 9, 2024**.

Id. at 1-2.

On September 20, 2024, Mr. Graff successfully substituted in as counsel for Plaintiff. ECF No. 28. On October 1, 2024, Defendant's counsel notified the Court that they had not received any of the documents agreed to in the Scheduling Order and the dates to submit these documents had passed. Counsel also informed the Court that they had sent Plaintiff's counsel a letter via email notifying him of the failure to comply with any of these deadlines on September 26, 2024 and requested a date to meet and confer but received no response.

The Court issued an Order Requesting Notice of Compliance and Requiring Personal Appearance. ECF No. 30. Specifically, Plaintiff was ordered to comply with all the deadlines set forth in the Scheduling Order and file a notice of compliance by October 8, 2024. Id. at 2. If Plaintiff failed to file this notice of compliance, Plaintiff and Plaintiff's counsel were ordered to

personally appear before the Court on October 10, 2024.[1] Id.

Plaintiff did not file a notice of compliance. Instead, Plaintiff's Counsel, Mr. Graff, appeared without Plaintiff on October 15, 2024. ECF No. 32. Mr. Graff informed the Court that he had not complied with the deadlines because the Court had not granted his request to substitute in as counsel and he did not want to appear without being attorney of record. Mr. Graff was apparently unaware that the Court's docket reflected that the Court had granted his substitution of attorney on September 20, 2024. ECF No. 28. Magistrate Judge Major informed him that she would not impose sanctions at that time but ordered Mr. Graff to comply with the requirements set forth in the Court's Scheduling Order no later than October 21, 2024. ECF No. 32. The Court also warned Mr. Graff that future noncompliance would result in sanctions. Id.

On October 21, 2024, Mr. Graff filed a "Notice of Compliance with Order for Disclosures." ECF No. 33. In this notice, it states that "Plaintiff has provided counsel for Defendants with initial disclosures in this case" and will "supplement said disclosures with additional details, information and documents as such become available to Plaintiff." Id. at 1. This document was silent with regard to compliance of the other requirements and deadlines set forth in the Scheduling Order.

On November 12, 2024, Defendant's counsel filed a status report informing the Court that Plaintiff continued to fail to provide the signed medical release or the list of all her medical providers for the past ten years as set forth in the Court's Scheduling Order. ECF No. 34. Plaintiff's initial disclosures were provided on October 21, 2024 but as set forth above, they would need to be supplemented. Id. Plaintiff's counsel represented to Defendant's counsel that they would provide the supplemental disclosures, along with the signed medical release and list of providers, by October 25, 2024. However, Plaintiff failed to provide these documents on October 25, 2024. Id. Plaintiff then represented to Defendant that they would provide the "missing information by Friday, November 8, 2024" but "Defendant has received nothing else to

---

[1] Due to a conflict on the Court's calendar, the date for this appearance was continued to October 15, 2024. ECF No. 31.

date." Id.

On November 12, 2024, this Court issued an Order Requiring Response. ECF No. 35. The Court ordered Plaintiff to respond to the Defendant's Status Report, ECF No. 34, on or before November 18, 2024. Id. Plaintiff failed to do so.

This Court issued an Order to Show Cause why Sanctions Should not be Imposed on November 20, 2024. ECF No. 36. Plaintiff and her counsel, Mr. Graff, were ordered to personally appear before the Court on December 5, 2024 to show cause why sanctions should not be imposed for failing to follow this Court's Order. Id. The Court notified Plaintiff that she had previously failed to appear at the Court's OSC hearing on October 15, 2024 and "failure to appear at the December 5, 2024 hearing may result in sanctions against Plaintiff and her counsel." Id. Plaintiff and her counsel failed to appear at the December 5, 2024 hearing. ECF No. 37. Neither Plaintiff nor her counsel has contacted the Court since the date of the hearing and there have been no filings. See Docket.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 16(f)

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(f),

> the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

### B. Federal Rule of Civil Procedure 37(b)

When a party fails to obey a discovery order, including an order under Fed. R. Civ. P. 26(f), Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) allows for various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)). For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).

The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Hullinger v. Anand, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (quoting Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). "The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct." Id. (quoting Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012)). When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important." Id.

Where a court order is violated, the first two factors support terminating sanctions while

the fourth factor, the public policy favoring disposition of the cases, does not support dismissal. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991).  Therefore, the third and fifth factors are ultimately determinative of the result.  Adriana Int'l Corp., 913 F.2d at 1412.

## **DISCUSSION**

The Court and defense counsel have given Plaintiff numerous opportunities to comply with the Court's Scheduling Order and to provide the discovery agreed to by the parties. Plaintiff's counsel represented to defense counsel in writing on multiple occasions that he would provide the documentation ordered in the Court's Scheduling Order but failed to do so. Plaintiff's counsel also appeared in person before this Court and represented that he would comply with the Court's Scheduling Order but failed to do so. Plaintiff was ordered to appear twice before the Court but failed to appear both times. Plaintiff's counsel also failed to appear before the Court when ordered to do so.

Although this case has been pending for almost a year and a half, other than providing incomplete initial disclosures, Plaintiff has not provided any other discovery to Defendant and has not conducted any discovery or taken any other action to move this case toward resolution. As discussed in more detail below, the facts of this case warrant dismissal.

### A.   **Plaintiff Violated the Court's Orders**

As set forth above, on August 27, 2024, the Court issued a Scheduling Order Regarding Discovery and Other Pretrial Proceedings.  ECF No. 27.  Because Plaintiff did not comply with the Court's first order requiring the exchange of initial disclosures [ECF No. 21], and based upon the agreement reached by the parties during the CMC, the Court issued the following order:

> Pursuant to the agreement of the parties, Plaintiff will produce a list of medical, psychological, and psychiatric providers for the last ten (10) years, along with signed medical releases to the Defendant on or before **September 9, 2024**. In addition, the parties agreed to file a joint motion for a protective order, which includes the terms of their agreement for handling confidential documents and information. Plaintiff must provide a draft motion for a protective order to the Defendant on or

before **September 6, 2024**. The parties must then file their joint motion with the Court on or before **September 16, 2024**. Plaintiff must also provide their initial disclosures pursuant to Rule 26(a)(1)(A-D) to Defendant on or before **September 9, 2024**.

ECF No. 27 at 1-2.

After those deadlines passed, defense counsel notified the Court that Plaintiff had not complied with the Court's Order. The Court issued an order allowing Plaintiff additional time to comply and to notify the Court of their compliance by October 8, 2024. ECF No. 30. Plaintiff and her counsel were ordered to personally appear if these deadlines were not met. Id. Plaintiff did not meet these deadlines and instead, her counsel appeared before the Court on October 15, 2024. ECF No. 32. Plaintiff's counsel did not explain why Plaintiff did not appear as ordered by the Court but he did inform the Court he did not believe that he was formally substituted in as counsel of record. This statement was inaccurate as District Judge Lorenz had issued an order three weeks prior to this hearing granting Plaintiff's request for substitution of attorney and there is no evidence in the Court's docket that Plaintiff's new counsel, Mr. Graff, failed to receive this order. ECF No. 28. Regardless of Mr. Graff's confusion, this Court ordered Plaintiff's counsel to comply with the Court's Scheduling Order no later than October 21, 2024. Id.

Plaintiff only partially complied with this Order when she filed a notice of compliance that she had served incomplete initial disclosures but ignored all the other deadlines that had been set. ECF No. 33. The Court issued yet another order requiring Plaintiff to comply with the Scheduling Order which was, again, ignored by Plaintiff. ECF No. 35. The Court issued another Order to show cause why sanctions should not be imposed for failing to comply with a Court Order, requiring Plaintiff and her counsel to personally appear before the Court on December 5, 2024. ECF No. 36. Plaintiff and her counsel failed to appear and have made no attempts to contact this Court to date.

The Court therefore finds that Plaintiff has repeatedly failed to comply with the Court's orders.

///
///

### B. Plaintiff's Violation of the Court's Order Was Due to Willfulness, Fault, or Bad Faith

This factor does not require a finding of wrongful intent or any particular mental state. See United States v. Lee, 2016 WL 11281164, at *2 (S.D. Cal. Dec. 6, 2016). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993). "A single willful violation may suffice depending on the circumstances." United States v. Approximately $30,000.00 in U.S. Currency, 2015 WL 5097707, at *8 (E.D. Cal. Aug. 28, 2015) (citing Valley Engineers, Inc., 158 F.3d at 1056, cert. denied, 526 U.S. 1064 (1999)) and Ortiz–Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal)). The Ninth Circuit has "specifically encouraged dismissal, however, where the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" Meeks v. Nunez, 2017 WL 908733, at *6 (S.D. Cal. Mar. 8, 2017) (citing Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (quoting G–K Props. v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir. 1978)) (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)).

The evidence clearly establishes that Plaintiff acted, or more accurately failed to act, knowingly, intentionally, and willfully. As discussed above, the Court's August 2024 Scheduling Order set forth dates and requirements agreed upon by all parties who were present at the ENE, including Plaintiff and her new counsel Mr. Graff. It is undisputed that Plaintiff and her counsel willingly agreed to provide the information, knew the specific information that was required and the dates by which it must be provided, and were given numerous opportunities to provide this information, and yet failed to do so. Plaintiff has never informed the Court of any barrier to providing the information directed in the Court's Order and has failed to appear on two separate occasions in violation of the Court's Orders.

Accordingly, the Court finds that Plaintiff's behavior in not complying with the Court's

Scheduling Order and subsequent orders and failing to appear before the Court was done knowingly, intentionally, and willfully.

### C. Factors for Dismissal

As discussed in detail below, all of the factors identified by the Ninth Circuit support the Court's decision to recommend dismissal of this case. See Valley Engineers, 158 F.3d at 1057; Hullinger, 2016 WL 7444620, at *8.

####    1. Public Interest in Expeditious Resolution of Litigation & The Court's Need to Manage its Dockets

The first two factors focus on the need to move cases toward timely resolution. Here, Plaintiff filed this action almost a year and a half ago and yet she has not taken any action to move this case toward resolution. She has not conducted discovery and she has not provided the initial discovery required in the Court's Scheduling Order. Plaintiff's behavior negatively impacts both the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. Both of these facts weigh in favor of dismissal.

####    2. The Risk of Prejudice to the Party Seeking Sanctions

The consideration of prejudice is an important factor in deciding a motion for a dismissal sanction and should receive more weight than the other factors. Meritage Homeowners' Ass'n v. Bank of New York Mellon, 2017 WL 9471669, at *4 (D. Or. Dec. 3, 2017) (citing Henry, 983 F.2d at 948 and Banga v. Experian Info. Solutions, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4, 2009)). "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting Adriana Int'l Corp., 913 F.2d at 1412 and (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) and In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994)). Failing to produce documents as ordered is considered sufficient prejudice. Id. (citing Adriana, 913 F.2d at 1412). "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." Id. (citing In re Eisen, 31 F.3d at 1453 and Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

"When the spoiling party's actions force the non-spoiling party 'to rely on incomplete and spotty evidence' at trial, dismissal is proper." Meritage Homeowners' Ass'n, 2017 WL 9471669, at *4 (quoting Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006)).

      Plaintiff's inaction in this case has prejudiced Defendant. Plaintiff seeks to hold Defendant liable in this matter, in part, due to alleged retaliation and discrimination based on her alleged mental and physical disabilities. See generally Compl., ECF No. 1. The Court ordered Plaintiff to provide medical releases and a list of her providers to the Defendant in order for the Defendant to obtain the medical documentation relevant to her claims. Plaintiff has continuously failed to provide this discovery to Defendant and has failed to provide any reason or excuse for this failure. Defendant's counsel has made repeated attempts to reach out to Plaintiff and has appeared at both in person hearings held by this Court, including the most recent hearing at which neither Plaintiff nor Plaintiff's counsel appeared. As a result, Defendant's ability to prepare a dispositive motion or go to trial has been significantly impaired. See Mendia v. Garcia, 2018 WL 509977, at *4 (N.D. Cal. Jan. 23, 2018) (finding that plaintiff's conduct prejudiced defendants where "Defendants have been forced to expend time and resources attempting to secure [plaintiff's] cooperation by filing motions (including the instant Motion) and attending in-person meet and confer sessions, a motion hearing, and a deposition where Plaintiff did not to appear. Plaintiff's refusal to produce discovery has also impaired Defendants' ability to adequately defend against Plaintiff's claims."). This factor, therefore, weighs in favor of dismissal.

      3.    <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

      While public policy favors disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re Phenylpropanolamine, 460 F.3d at 1228. As such, this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re the EXXON VALDEZ, 102 F.3d 429, 433 (9th Cir. 1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits); In re Eisen,

31 F.3d at 1454 (giving weight to the plaintiff's failure to specify why it is important that his actions be resolved on their merits); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits).

Plaintiff has made no effort to move this case towards resolution on the merits and has, in fact, actively prevented the case from moving in that direction by repeatedly failing to provide the required discovery and to respond to Court orders. Accordingly, this factor weighs in favor of a dismissal sanction.

    4.    Availability of Less Drastic Sanctions

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks, 2017 WL 908733, at *10. Before imposing a dismissal sanction, a court must consider the "impact of the sanction and the adequacy of less drastic sanctions." U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 604 (9th Cir. 1988) (quoting Malone, 833 F.2d at 131 and United States v. Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Constr. Co., the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id. at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Emp't Opportunity Com'n, 2009 WL 1287757, at *4 (quoting Adriana Int'l. Corp., 913 F.2d at 1412–13).

The Court has considered and rejected the possibility of lesser sanctions. Initially, the Court notes that it provided Plaintiff with several opportunities to provide the required documents and information and to comply with the Court's orders. Plaintiff failed to do so. The Court also warned Plaintiff that failure to comply with the Court's orders would result in sanctions. Despite the Court's efforts and warnings, Plaintiff did not comply with the orders requiring the production of documents and information and then ultimately failed to appear in court as required and failed respond in any way to the Court's orders. As a result, and for the following reasons, the Court finds that the only appropriate sanction is termination of the litigation. The Court considered imposing monetary sanctions but the Court has no reason to believe that the imposition of monetary sanctions would compel Plaintiff to participate in discovery or that Plaintiff would pay the sanctions, especially since Plaintiff and Plaintiff's counsel completely ignored the Court's last order and failed to appear in court as required. The Court also has considered evidentiary sanctions but finds they are unlikely to be successful given the fact that Plaintiff has refused to participate in the discovery process. In addition, evidentiary sanctions are most appropriate when a party fails to provide one specific type of discovery. See Chambers v. Janssen Pharmaceuticals, Inc, 2018 WL 3706695, at *6 (S.D. Cal. Aug. 3, 2018). In such a situation, a court can prohibit the introduction of certain evidence or instruct a jury that a specific fact is proven or that the jury can consider a party's destruction of evidence. Here, on the other hand, Plaintiff has not provided any meaningful discovery so there is no appropriate limited jury instruction. Moreover, given Plaintiff's almost complete failure to participate in the court process, it is unlikely that Plaintiff would conduct discovery or appear for a trial yet Defendants would be required to do so to their further detriment. As a result, the Court finds that this factor weighs in favor of a dismissal sanction.

Given Plaintiff's failure to participate in discovery, and to respond to or comply with the Court's orders, and after considering all of the required factors, the Court **RECOMMENDS** dismissal of the instant case.

**CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge

issue an Order: (1) approving and adopting this Report and Recommendation; and (2) dismissing this action.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **January 10, 2025.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than January 17, 2025**.

Plaintiff is warned that failure to respond to this order may result in the dismissal of this case and other sanctions.

**IT IS SO ORDERED.**

Dated:  12/23/2024

Hon. Barbara L. Major
United States Magistrate Judge